# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**DAVID L. SANCHEZ,**

    **Plaintiff,**

    v.                                              **CIV. NO. 06-1030 ACT**

**MICHAEL J. ASTRUE**,
**Commissioner of Social Security,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Approval of Attorney Fees under the Equal Access to Justice Act filed October 8, 2007 [Doc.22]. Plaintiff seeks an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $3,538.50 for 21.5 hours of attorney time at $164.58 per hour.[1] Defendant does not oppose an award of EAJA fees, but maintains that the number of hours billed, 21.5, is excessive. The EAJA allows for reimbursement of attorney's fees and other expenses, but the fees must be "reasonable" pursuant to 28 U.S.C. § 2412(d)(2)(A). The Court has a duty to make an independent evaluation of the reasonableness of counsel's bill. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The amount of attorney's fee to be awarded is a decision that lies within the Court's discretion. *Pierce v. Underwood*, 487 U.S. 552, 571 (1988).

---

[1] The Court will calculate the fees at $165.00 per hour.

The Court has concerns regarding the time Plaintiff's counsel asserts she spent on the several tasks. Counsel asserts she spent 3 hours preparing and filing the complaint, cover sheet and application to proceed *in forma pauperis*. The Court has reviewed these documents and the complaint appears to be a form complaint that is not specific to this Plaintiff except for his residency, social security number and date of decision. The application to proceed *in forma pauperis* appears to have been completed by the Plaintiff himself as he refers to himself and his son. The Court will reduce the time for these tasks by 1.3 hours.

In addition, counsel asserts that she spent 1.5 hours to prepare and file a motion for extension of time to file the motion to remand. This unopposed motion contains 3 sentences. The Court will reduce the time for this task by .2 hours.

Counsel also asserts that she spent 1.5 hours reviewing Defendant's response to the motion to remand and 1.0 hours doing legal research and reading a transcript after reviewing Defendant's response. Plaintiff did not file a reply. The Court is aware that it would take some time to make a decision not to file a reply brief but finds that 2.5 hours is excessive. The Court notes that the factual and legal issues in this case were not unusual or complex. The Court will reduce the time for this task to 1.1 hours.

Finally, counsel for Plaintiff submitted a billing statement in which she billed in one-half hour increments. Billing in such large increments is not "reasonable." Courts have found that billing even in quarter hour increments is not appropriate because it is imprecise and does not accurately reflect the time spent. *Johnson v. City of Tulsa*, 2003 WL 24015152 (N.D.Okla. 2003) ("....by billing in quarter-hour increments instead of the one-tenth hour increments usually seen by the Court in fee applications, an added measure of uncertainty exists on the question of whether each and

every hour recorded was in fact reasonably expended."); *Bowman v. Secretary of Health & Human Servs.*, 744 F. Supp. 899, 900 (E.D. Ark. 1990).  Thus, the Court will reduce the time for writing the brief in this matter by one-third.

**IT IS THEREFORE ORDERED** that Plaintiff is awarded $2,326.50 in EAJA fees for 14.1 hours.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**